UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILLY ASHER WILSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-355-GSL-JEM |
| JACQUELINE MAYES, | |
| Defendant. | |

OPINION AND ORDER

Billy Asher Wilson, a prisoner without a lawyer, filed a complaint alleging he was denied the use of a treadmill for 39 days. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilson alleges Unit Team Manager Jacqueline Mayes denied him access to a treadmill on January 28, 2024. He alleges she falsely told others he had fallen off the treadmill twice. As a result, he was not allowed to use the treadmill until he was cleared by a physical therapist. Once cleared, he was allowed to use the treadmill again.

Wilson alleges he had a liberty interest in using the treadmill. He alleges Mayes denied him due process and violated his Fourteenth Amendment rights because her

actions denied him access to the treadmill for 39 days. Given that Wilson had a means to challenge her decision and regain access to the treadmill, it does not appear he was denied due process. *Cf. Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Nevertheless, he was not entitled to due process because he had no liberty interest in using the treadmill.

    An inmate is entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted). There is no basis for finding that access to a treadmill is a requirement of ordinary prison life or that the denial of access to a treadmill is an atypical and significant hardship for inmates. Only placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). The complaint does not state a Fourteenth Amendment claim.

    Wilson alleges he needed to use the treadmill for medical reasons. He alleges preventing him access to the treadmill violated the Eighth Amendment by denying him

2

access to medical treatment. To prevail on an Eighth Amendment claim for a denial of medical treatment against non-medical staff, he must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and brackets omitted).

Here, Wilson says he has "Parkinson's Disease and other neurological issues . . . 18 pins in my pelvis and a plate over my hip in my left leg and I take 13 different medications." ECF 1 at 2. There is no doubt those are serious medical needs, but his use of the treadmill was not a prescribed treatment for any of them. The complaint says it was merely "OK'ed, confirmed and encouraged" by medical staff. Though Wilson benefited from using the treadmill, denying him access to it did not prevent him from accessing medical treatment. Three days after he was denied the use of the treadmill, he saw his physician who told him to stop using it until he was seen by a physical therapist. The complaint does not state an Eighth Amendment claim.

3

To the extent Mayes is alleged to have lied about his falling off the treadmill, the complaint gives no indication that she knew preventing him from using the treadmill would subject him to a serious risk of being harmed. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Wilson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

4

(7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Billy Asher Wilson until **May 22, 2025**, to file an amended complaint; and

(2) CAUTIONS Billy Asher Wilson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 21, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT